UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLANDO REYES MORALES,

Petitioner,

v. Case No.: 2:26-cv-03082-SPC-KRH

WARDEN, KROME NORTH SERVICE PROCESSING CENTER *et al.*,

Respondents.

___________________________________/

**OPINION AND ORDER**

Before the Court is Rolando Reyes Morales's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9).

Reyes Morales is a native and citizen of Mexico who entered the United States without inspection on January 28, 2007. He resides in Florida with his wife and two U.S. citizen daughters. Reyes Morales has work authorization, a Florida driver's license, stable employment, and a fixed residential address. He has no criminal history other than a 2008 conviction for driving under the influence of alcohol. On August 8, 2026, Immigration and Customs Enforcement (ICE) arrested Reyes Morales because of his immigration status. ICE issued an I-200 Warrant for Arrest of Alien on August 7, 2026, and a notice to appear (NTA) on August 8, 2026. Reyes Morales was initially taken to

Krome North Processing Center, but he was later transferred to Glades County Detention Center.

In his habeas petition, Reyes Morales argues his arrest and detention violate his Fifth Amendment right to due process. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Reyes Morales the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

There was no legal basis for the arrest because Reyes Morales was not yet in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. Reyes Morales has no known history of violence or attempts to evade government officials. On the contrary,

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

he has engaged with state and federal governments to obtain work authorization and a driver's license and to file federal income tax returns. What is more, the arresting officers did not suspect Reyes Morales of any criminal activity at the time of his arrest. The government provides no reason for urgency here.

The government violated Reyes Morales's right to due process by arresting him without a warrant and before he was in removal proceedings and detaining him under an inapplicable statutory authority that provides for no individualized process. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Rolando Reyes Morales's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Reyes Morales within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record